# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY 1999 SESSION

FILED

August 6, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9810-CR-00369 |
| Appellee, | * | HAMILTON COUNTY |
| VS. | * | Honorable Stephen M. Bevil, Judge |
| **JOSEPH AZELL LEE,** | * | (Attempted Aggravated Assault) |
| Appellant. | * | |

FOR THE APPELLANT:

TOM LANDIS
744 McCallie Avenue, Suite 327
Chattanooga, TN 37403

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

R. STEPHEN JOBE
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM H. COX, III
District Attorney General

MARK A. HOOTON
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED - RULE 20**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Joseph Azell Lee, appeals his conviction for attempted aggravated assault. The defendant was indicted for aggravated assault and attempted escape. At the close of proof at trial, the trial court granted the defendant's motion for a judgment of acquittal on the aggravated assault count. Nevertheless, the trial court did submit to the jury the lesser included offense of attempted aggravated assault. The defendant argues that the proof at trial did not support attempted aggravated assault and that the trial court therefore erred in instructing the jury on that offense. We find no error and AFFIRM the judgment of the trial court.

On August 29, 1996, Officer Ronald Rice of the Hamilton County Sheriff's Department transported the defendant from the Hamilton County Jail, where he was incarcerated, to the county health department for a scheduled examination. After the defendant's examination, Rice escorted the defendant back to the police car. When Rice moved in front of the defendant to open the passenger door, the defendant attacked him. During the ensuing struggle, the defendant grabbed Rice's handgun. Rice reacted by immediately placing both of his hands on the weapon and holding it down in the holster. Because both of Rice's hands were occupied, the defendant was able to strike Rice in the face several times with his free hand. The defendant also bit Rice on the back during the struggle. Ultimately, Rice was able to attract the attention of another police officer, and the two subdued the defendant.

The defendant was indicted and tried before a jury for aggravated assault (by use of a deadly weapon) and attempt to escape from a penal institution. At the close of proof, the trial court granted the defendant's motion for a judgment

of acquittal on the aggravated assault count.  Nevertheless, the trial court instructed the jury on the lesser included offenses of attempted aggravated assault and assault.  The jury returned verdicts of guilty for attempted escape and attempted aggravated assault, and the defendant was sentenced as a career offender to six months and twelve years respectively.

The defendant's argument that the trial court should not have instructed the jury on attempted aggravated assault because the proof did not support that offense is without merit.  The state introduced sufficient proof to support the offense of attempted aggravated assault, and the trial court was required to charge lesser included offenses supported by the evidence.  See State v. Forbes, 918 S.W.2d 431, 449 (Tenn. Crim. App. 1995).  The evidence supports the jury's verdict, and we find no error of law mandating reversal.  Therefore, pursuant to Rule 20 of the Court of Criminal Appeals, we AFFIRM the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:



_____
JAMES CURWOOD WITT, JR., Judge



_____
ALAN E. GLENN, Judge